**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kenneth W Lemberg,<br><br>                Plaintiff,<br><br>v.<br><br>Michael J Astrue, et al.,<br><br>                Defendants. | No. CV-12-01704-PHX-DGC<br><br>**ORDER** |

Pending before the Court is Plaintiff's motion for attorneys' fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Doc. 26. The motion is fully briefed and no party has requested oral argument. The Court will grant the motion and award Plaintiff attorneys' fees in the amount of $7,024.45.

**I.     Relevant Facts and Legal Standard.**

On August 20, 2013, the Court issued an order reversing Defendant's denial of benefits. Doc. 22. The Court remanded the case to Defendant for further proceedings because the Administrative Law Judge erred in giving reduced weight to Dr. Porter's treatment notes and by not providing legally sufficient reasons for discounting the testimony of Mrs. Lemberg concerning the intensity of Plaintiff's limitations. *Id*.

Under the EAJA, the Court shall award attorneys' fees to a prevailing party unless the United States shows that its position was "substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001). "An applicant for disability benefits becomes a

1 prevailing party for purposes of the EAJA if the denial of her benefits is reversed and
2 remanded[.]" *Gutierrez*, 274 F.3d at 1257. The EAJA "creates a presumption that fees
3 will be awarded to prevailing parties." *Flores v. Shalala*, 49 F.3d 562, 567 (9th Cir.
4 1995). The "burden is on the Secretary" to overcome that presumption by showing that
5 its "position was substantially justified." *Yang v. Shalala*, 22 F.3d 213, 217 (9th Cir.
6 1994).

"Substantially justified" means "justified in substance or in the main," or in other words, "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). A substantially justified position must have a reasonable basis both in law and fact. *Id*. The fact that the government did not prevail in court "does not raise a presumption that its position was not substantially justified." *Kali v. Bowen*, 854 F.2d 329, 334 (9th Cir. 1988). Instead, the defendant's position is substantially justified if a "reasonable person could think it correct, that is, if it has a reasonable basis in law and fact" or there if there is a "genuine dispute." *Underwood*, 487 U.S. at 565, 566 n.2.

**II.   Analysis.**

Defendant does not contend that an award of fees in this case would be unjust. Defendant does contend that its position was substantially justified. Doc. 27 at 1.

The Court noted in its order that Dr. Porter's medical opinion was based on physical exams and MRIs that led him to opine that the objective medical evidence was consistent with Plaintiff's complaints. Doc. 22 at 12. The Court also noted that the ALJ failed entirely to address or discount Dr. Porter's January 2005 medical opinion that objective medical evidence confirmed Plaintiff's subjective complaints. *Id*. The Court concluded that when a doctor's opinion is supported by his own observations, an ALJ does not provide clear and convincing reasons for rejecting the doctor's opinion by questioning the credibility of the patient's complaints. *Id*. Because there is no genuine dispute as to whether the ALJ erred in discounting Dr. Porter's opinion, the Court finds that Defendant's position lacked substantial justification.

1 The Court also found that the ALJ failed to provide germane reasons for discounting the testimony of Mrs. Lemberg. *Id*. at 18; *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993) ("If the ALJ wishes to discount the testimony of [a] lay witness[], he must give reasons that are germane to each witness."). The ALJ erroneously discounted Mrs. Lemberg's testimony because of concern that she would likely be biased by her close relationship to Plaintiff. Tr. 596. Defendant argues that the ALJ's decision to discount Mrs. Lemberg's testimony was reasonable because her statements were not consistent with the objective medical evidence. Doc. 27 at 5; *see Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005) (finding that inconsistency with the medical record is a germane reason for discrediting lay witness testimony). The Court found, however, that the ALJ's decision to discount Mrs. Lemberg's testimony was legal error for two reasons. First, a lack of full corroboration with the objective medical evidence is not a sufficient reason to discount her observations of Plaintiff's physical limitations. Second, the ALJ did not identify any specific objective evidence that was inconsistent with her stated limitations. The Court concludes that Defendant did not have a reasonable basis in law or fact to defend the ALJ's decision and therefor lacked substantial justification for its position. Plaintiff is entitled to an award of attorney's fees.

Plaintiff's counsel has filed an affidavit and an itemized statement of fees showing that he worked 37.7 hours on this case, with legal fees totaling $7,024.45. Doc. 26 Exs. A-C.[1] Defendant does not contend that the time Mr. Slepian spent researching and drafting in this matter was excessive or should be reduced. Having reviewed the affidavit and the statement of fees, and having considered the relevant fee award factors, *see Hensley v. Eckerhart*, 461 U.S. 424, 429-30 & n.3 (1983), the Court finds that the amount of the requested fee award is reasonable.

**IT IS ORDERED:**

1. Plaintiff's motion for attorneys' fees (Doc. 26) is **granted**.

---

[1] In his reply, Plaintiff asserts that he is entitled to an additional $522.34 for the 2.8 hours expended in drafting his reply. Doc. 28 at 10. No additional affidavit or documentation was submitted. Accordingly, the Court will not consider this request.

2. Plaintiff is awarded **$7,024.45** in attorneys' fees.

Dated this 10th day of December, 2013.

_____
David G. Campbell
United States District Judge